IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBYN L. GREEN** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 16-506** |
| : | |
| **CAROLYN W. COLVIN, ACTING** : | |
| **COMMISSIONER OF SOCIAL SECURITY** : | |
| **Defendant.** : | |

## ORDER

**AND NOW**, this 9th day of November 2016, upon careful and independent consideration of Plaintiff's Request for Review [Doc. No. 11], the response and reply thereto, the administrative record, and the Report and Recommendation ("R&R") of United States Magistrate Judge Jacob P. Hart [Doc. No. 20], to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;
2. The Report and Recommendation is **APPROVED** and **ADOPTED**[1]; and
3. Plaintiff's request for remand is **GRANTED**, and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a full hearing to consider all of the evidence relating to Plaintiff's claimed disability.

It is so **ORDERED**.

BY THE COURT:

/s/Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[1] The Court agrees with the conclusion of the R&R that the opinion of the Administrative Law Judge ("ALJ") was not supported by substantial evidence because the ALJ discounted Plaintiff's significant history of inpatient and partial hospitalization, R&R at 8, and because the medical expert made factual errors in evaluating Plaintiff's medical history, R&R at 9, both of which undermine confidence in the conclusion that Plaintiff was not disabled as she had not suffered "repeated episodes of decompensation, each of extended duration." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(B). On remand, the ALJ should consider fully Plaintiff's medical history, and whether it affects the determination as to Plaintiff's credibility and the scope of the hypothetical question to the vocational expert. R&R at 12, 13. The ALJ also may wish to consult another medical expert.